255-2538 / 4899-1600-4623

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JOHN DOE,

Plaintiff,

**24 CV 07774 (JPO)(BJM)**

-against-

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, and MACY'S INC.,

Defendants.

-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MACY'S MOTION TO DISMISS**

LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendant
MACY'S INC.
100 Wall Street
New York, New York 10005
(212) 964-6611
dkotler@lskdylaw.com

Daniel S. Kotler
Of Counsel

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

THE ALLEGATIONS OF THE COMPLAINT ..... 3

POINT I

THE VGMVPL DOES NOT PERMIT CLAIMS AGAINST CORPORATIONS FOR ASSAULTS PRIOR TO 2022 ..... 6

POINT II

PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT HE WAS A VICTIM OF GENDER MOTIVATED VIOLENCE ..... 8

POINT III

PLAINTIFF'S ALLEGATIONS AGAINST MACY'S ARE CONCLUSORY AND HE DOES NOT PLEAD FACTS GIVING RISE TO A PLAUSIBLE CLAIM AGAINST MACY'S ..... 11

CONCLUSION ..... 14

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4-5, 10, 13, 14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 554 (2006)....................10

*Bensky v. Indyke*,
No. 24-CV-1204 (AS), 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024)....................1, 6, 7

*Bigio v. Coca-Cola Co.*,
675 F.3d 163 (2d Cir. 2012)....................13

*Breest v. Haggis*,
180 A.D.3d 83 (1st Dep't 2019)....................9

*Dejesus v. HF Mgmt. Servs., LLC*,
726 F.3d 85 (2d Cir. 2013)....................13

*Doe v. Combs*,
No. 23-CV-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024)....................1, 6, 7

*Doe v. Fenchel*,
837 F. App'x 67 (2d Cir. 2021)....................12

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*,
747 F.3d 145 (2d Cir. 2014)....................10

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
206 F. Supp. 3d 869 (S.D.N.Y. 2016)....................12

*World Wrestling Fed'n Entm't, Inc. v. Bozell*,
142 F.Supp.2d 514 (S.D.N.Y. 2001)....................12

**Other Authorities**

Fed. R. Civ. Pro. 12(b)(6)....................1, 14

Fed. R. Civ. Pro. 8(a)....................1, 14

New York City Victims of Gender-Motivated Violence Protection Law (VGMVPL), N.Y.C. Admin. Code § 10-1101 *et seq.* ........................................................ *passim*

N.Y.C. Admin. Code § 10-1103 ......................................................................................... 8

N.Y.C. Admin. Code § 10-1104 ......................................................................................... 11

**PRELIMINARY STATEMENT**

Defendant Macy's, Inc. submits this memorandum of law in support of its motion for an order pursuant to Rules 8(a) and 12(b)(6) dismissing all claims against Macy's, Inc. in their entirety, with such other relief as is just.

Plaintiff's complaint alleges that, in May 2008, he was working as an employee of Ecko clothing in the Macy's Herald Square stock room when Sean Combs, backed up by several armed bodyguards, orally raped him. The sole cause of action in the complaint against any defendant is for violation of the New York City Victims of Gender-Motivated Violence Protection Law (VGMVPL), N.Y.C. Admin. Code § 10-1101 *et seq.* Comp. ¶¶ 47-56. Plaintiff and his alleged assailant were both male.

For alleged assaults prior to 2022, the VGMVPL does not permit claims against corporations such as Macy's, or even against individuals that did not directly commit the assault. Plaintiff does not allege that Macy's employed Mr. Combs, who, in addition to being a music celebrity, was the proprietor of a clothing line that competed with Ecko. Nor does he allege that any Macy's employees were involved in, witnessed, or had any foreknowledge of the attack. The VGMVPL was not expanded to permit claims against entities or parties other than the direct assailants until 2022, and the expansion does not apply retroactively. *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2-3 (S.D.N.Y. Dec. 5, 2024); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024).

The Court should dismiss the claims against Macy's because, at the time of the alleged assault in May 2008, the VGMVPL did not extend to corporations at all, or to individuals that did not themselves commit the gender motivated assault. *See* Point I.

The Court should dismiss the complaint in its entirety because the allegations of the complaint not only fail to state a claim that plaintiff was a victim of gender-motivated violence, but affirmatively contradict such a claim. Macy's does not argue that same-sex rape can never be motivated by gender animus, but that (a) such a finding would require more indicia than the rape itself, and (b) not only does plaintiff not plead any facts to plausibly support such a claim in this case, it is affirmatively contradicted by the facts plaintiff does plead. Plaintiff alleges that Mr. Combs, who is the same gender as plaintiff, had a history of violence, including sexual violence, against both men and women, as well as a history of using violence as a tool of business competition. Plaintiff also alleges that during the assault Mr. Combs made remarks reflecting racial animus and intimidation of a business competitor, but not reflecting any gender animus. *See* Point II.

The Court should dismiss the claims against Macy's for the additional reason that plaintiff's allegations against Macy's are conclusory and he does not plausibly allege any claim against Macy's. Plaintiff does not allege that Macy's or any Macy's employee participated in, witnessed, or had foreknowledge of the attack. The only allegations in the complaint against Macy's are that Macy's conspired after the fact to cover up Mr. Combs' actions, destroy evidence, and pressured Ecko to fire plaintiff (Complaint ¶¶ 43-45). However, these allegations are conclusory and not supported by factual allegations. *See* Point III.

**THE ALLEGATIONS OF THE COMPLAINT**

Plaintiff's complaint alleges that, in May 2008, he was working as an employee of Ecko clothing in the Macy's Herald Square stock room when Sean Combs, backed up by several armed bodyguards, orally raped him. Plaintiff alleges that someone knocked plaintiff to the ground by means of a blow to the back of his head. While plaintiff was on his hands and knees, Mr. Combs forced plaintiff to fellate him (Complaint ¶¶ 38-41).

Plaintiff alleges that Ecko clothing was a competitor of Sean Combs' own clothing brand (Complaint ¶ 37), and that during the assault Mr. Combs made comments specifically disparaging plaintiff based on his employment with Ecko and on his race: "Suck my dick, Ecko" (Complaint ¶ 41) and "You like that, white boy?" (*id*). Plaintiff does not allege that Mr. Combs or any of his associates or bodyguards made any comments relating to plaintiff's gender or sexuality. Plaintiff does not allege that any Macy's employees were involved in, witnessed, or had any foreknowledge of the attack.

In a lengthy prologue to the complaint, plaintiff recites allegations of other crimes, allegations, and patterns of behavior by Sean Combs and his companies. Plaintiff's own allegations establish that Sean Combs engaged in violence, including sexual violence, against both men and women (*e.g.* Complaint ¶¶ 2, 10, 16).

Plaintiff also specifically alleges that Sean Combs employed violence as a tool of business competition: "On information and belief, Combs Businesses routinely committed sexual assault and gender-motivated violence, as detailed in other civil lawsuits, to further the business purpose of Combs' enterprise" (Complaint ¶ 50). Plaintiff also includes allegations of general "business-related legal conflicts" and "contractual disagreements" in the prologue to the complaint (Complaint ¶ 8(c)).

Plaintiff also does not plead any basis by which Macy's should have known that Sean Combs was a danger on Macy's premises. The prologue to plaintiff's complaint (¶¶ 7-21) pleads examples of Sean Combs' violent proclivities, but does not allege any incidents that occurred in Macy's or other department or clothing stores, or in the presence of any Macy's personnel. To the contrary, where the context is specified, the prior violence occurred at clubs, Combs' private parties, in a domestic violence context, and within the music industry – not in any retail or clothing merchandizing context.

The complaint includes conclusory allegations that Macy's conspired to cover up Combs' actions, destroy evidence, and pressured Ecko to fire plaintiff (Complaint ¶¶ 43-45), but these allegations are unsupported by any factual allegations. In paragraph 43, plaintiff alleges that he reported the assault to Macy's security, but no one followed up with him. Plaintiff does not allege any agreement or participation in a joint purpose between Macy's and Mr. Combs or anyone associated with Mr. Combs. The complaint does not allege any agreement or participation in a joint purpose at all, let alone facts plausibly establishing their existence.

In paragraph 44, plaintiff alleges that "Terry Lundgren, CEO of Macy's, pressured Ecko executives to fire Plaintiff." Plaintiff does not allege what form this pressure took, or to what Ecko executives Mr. Lundgren applied pressure, or who actually fired plaintiff, or what reason if any plaintiff was given for his termination, or how he learned of the alleged real reason. Finally, plaintiff baldly pleads that he "is informed and believes" that Macy's "destroyed or otherwise purged" his initial report. Once again, he states no basis for that belief. These allegations, including the naming of the Macy's CEO without any supporting factual allegations, resemble the "bare assertions" in *Ashcroft v. Iqbal*, that "Ashcroft was the 'principal architect' of this

invidious policy, and that Mueller was 'instrumental' in adopting and executing it." 556 U.S. 662, 680–81 (2009), internal citations omitted.

## POINT I

## THE VGMVPL DOES NOT PERMIT CLAIMS AGAINST CORPORATIONS FOR ASSAULTS PRIOR TO 2022

The Court should dismiss the claims against Macy's because, at the time of the alleged assault in May 2008, the VGMVPL did not extend to corporations at all, or to individuals that did not themselves commit the gender motivated assault.

Plaintiff does not allege that Macy's or any Macy's employee participated in, witnessed, or had foreknowledge of the attack. The only allegations in the complaint against Macy's are that Macy's conspired after the fact to cover up Mr. Combs' actions, destroy evidence, and pressured Ecko to fire plaintiff (Complaint ¶¶ 43-45).

"In 2022, the statute [the VGMVPL] was expanded to cover parties who 'direct[ ], enable[ ], participate[ ] in, or conspire[ ] in' a crime of violence." *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024).

"Prior to the 2022 amendment, the VGMVPL provided: 'any person claiming to be injured by an *individual* who commits a crime of violence motivated by gender ... has a cause of action against such *individual* in any court of competent jurisdiction ....' " *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024), emphasis provided by the Court. The Court held that the "ordinary meaning" of "individual" "is a single person, as opposed to a group or institution." *Id.*

This Court has held that the 2022 expansion does not apply retroactively to assaults that occurred before the amendment, such as the alleged 2008 assault at issue in this case. *Doe*, 2024 WL 4987044, at *3; *Bensky*, 2024 WL 3676819, at *10.

In *Bensky*, the Court held that the VGMVPL did not apply notwithstanding that, as alleged in the complaint, the defendants in *Bensky* (a) were individuals, not entities, and (b)

actively facilitated ongoing assaults, and thus participated much more directly than plaintiff alleges Macy's did in this action. In *Bensky*, sex-trafficking victims of Jeffrey Epstein alleged that defendants "were critical to the venture; they were its moneymen." *Id.* at *1. In this case, in contrast, plaintiff does not allege that Macy's facilitated the assault in any way, but only alleges, in conclusory form, that Macy's failed to follow up on plaintiff's complaint after the fact, and may have pressured plaintiff's employer to fire him.

In *Doe*, the Court dismissed the VGMVPL claims against the corporate defendants notwithstanding that they appear to be entities controlled by Mr. Combs, in marked contrast to Macy's in this case.

Accordingly, because, for alleged assaults prior to 2022, the VGMVPL does not cover allegations against corporations or allegations against individuals who did not themselves commit the assault, the Court should dismiss the claims against Macy's.

## POINT II

## PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT HE WAS A VICTIM OF GENDER MOTIVATED VIOLENCE

The Court should dismiss the complaint in its entirety because the allegations of the complaint not only fail to state a claim that plaintiff was a victim of gender-motivated violence, but affirmatively contradict such a claim. "The term 'crime of violence motivated by gender' means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." N.Y.C. Admin. Code § 10-1103.

Plaintiff and his assailant Mr. Combs are the same gender, they are both male (Complaint ¶¶ 24-25). As elaborated below, we do not argue that same-sex rape can never be motivated by gender animus, but that (a) such a finding would require indicia beyond the mere fact of the rape itself, and (b) plaintiff not only fails to plead facts plausibly supporting such a claim, but the facts he does plead affirmatively contradict it.

In a lengthy prologue to the complaint, plaintiff recites allegations of other crimes, allegations, and patterns of behavior by Sean Combs and his companies. Plaintiff's own allegations establish that Sean Combs engaged in violence, including sexual violence, against both men and women (*e.g.* Complaint ¶¶ 2, 10, 16). Plaintiff's own allegations thus establish that Mr. Combs preyed on victims regardless of gender.

Plaintiff's allegations also establish specific and concrete motivations for Mr. Combs' assault that were not based in gender animus, but in racial animus and as a means of business competition and intimidation. Plaintiff alleges that Sean Combs made at least one racial comment: "You like that, white boy?" (Complaint ¶ 41). Plaintiff also alleges comments characterizing the attack as business intimidation against a competitor – "Suck my dick, Ecko" (*id*). Plaintiff does not allege any comments relating to his gender or sexuality.

Plaintiff also specifically alleges that Sean Combs employed violence as a tool of *business competition*: "On information and belief, Combs Businesses routinely committed sexual assault and gender-motivated violence, as detailed in other civil lawsuits, to further the business purpose of Combs' enterprise" (Complaint ¶ 50). Plaintiff also includes allegations of general "business-related legal conflicts" and "contractual disagreements" in the prologue to the complaint (Complaint ¶ 8(c)).

In *Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019), the First Department held that an allegation of heterosexual rape by a man against a woman intrinsically pleads gender based animus, without need for any further indicia:

> Without consent, sexual acts such as those alleged in the complaint are a violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy…. Malice or ill will based on gender is apparent from the alleged commission of the act itself.

*Id.* at 94. The complaint in this action quotes *Breest* without attribution that "gender animus inheres when consent is absent" (Complaint ¶ 49). *Breest* and its analysis do not apply to the circumstances of this case, however, because *Breest* involved a heterosexual rape, not a same sex assault as in this case by a person whom plaintiff himself alleges was an equal opportunity assailant, perpetrating violence against individuals without regard to their gender.

We do not argue that the assault plaintiff attributes to Mr. Combs was acceptable or unserious, or that plaintiff might not have an appropriate avenue of recovery against Mr. Combs under a different statute. However, the VGMVPL sets out highly specific requirements that it applies only to violence motivated specifically by gender animus, not to sexual assault generally, and the facts alleged by plaintiff in this case do not state a claim for gender animus.

We also do not argue that the VGMVPL can never apply to same sex sexual violence. However, that would require additional indicia of gender-based animus beyond the mere fact of

violence. In this action, the complaint not only lacks such additional indicia, but plaintiff's allegations undermine the possibility of gender based animus: (a) plaintiff alleges that Sean Combs attacked both men and women, and primarily attacked women, and (b) plaintiff himself supplies alternative motivations, in the form of racial and business competitor animus.

Plaintiff makes a wholly conclusory allegation that Combs' "actions are unequivocally motivated by the victims' particular gender and age" (Complaint ¶ 21), but does not explain how that can be if Combs assaults both men and women, or especially how that can be in this case where the victim was a man, if plaintiff's sex assault victims are mostly women. Plaintiff baldly asserts that Combs' "practices and desires are different for men, women, and children" (*id.*), but does not plead facts giving rise to a plausible claim of that supposed gender motivated distinction, let alone to plausibly allege that the violence in this case was motivated even partly by gender (*see also* Complaint ¶ 49). *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2006).

As the Second Circuit has held, the Court need not accept as true "general allegations that are contradicted by more specific allegations in the Complaint." *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 152 (2d Cir. 2014).

Accordingly, the Court should dismiss the complaint for failure to state a claim because plaintiff's allegations not only fail to plausibly allege a claim for gender motivated violence, but contradict such a claim.

**POINT III**

**PLAINTIFF'S ALLEGATIONS AGAINST MACY'S ARE CONCLUSORY AND HE DOES NOT PLEAD FACTS GIVING RISE TO A PLAUSIBLE CLAIM AGAINST MACY'S**

The Court should dismiss the claims against Macy's for the additional reason that plaintiff's allegations against Macy's are conclusory and he does not allege any facts giving rise to a plausible claim against Macy's.

Macy's has already shown that the 2022 amendment to the VMGVA, permitting claims against "a party who… enables… or conspires in" the gender motivated violence, N.Y.C. Admin. Code § 10-1104, has no application to this action arising from an alleged 2008 assault. *See* Point I. Even if the 2022 amendment did apply retroactively despite this Court's recent authority to the contrary, plaintiff does not allege any facts giving rise to a plausible claim that Macy's enabled or conspired in Mr. Combs' assault.

Plaintiff does not allege that Macy's or any Macy's employee participated in, witnessed, or had foreknowledge of the attack. Nor does plaintiff allege that Macy's "enabled" the attack, which would require some sort of prior involvement and set up. The only allegations in the complaint against Macy's are that Macy's conspired after the fact to cover up Mr. Combs' actions, destroy evidence, and pressured Ecko to fire plaintiff (Complaint ¶¶ 43-45).

Under New York law,

> To establish a claim of civil conspiracy, the plaintiffs "must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury."

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 913 (S.D.N.Y. 2016), *quoting World Wrestling Fed'n Entm't, Inc. v. Bozell*, 142 F.Supp.2d 514, 532 (S.D.N.Y. 2001).

In *Gym Door*, the Court held that

> The SAC also fails to allege sufficient facts to show plausibly that [defendants] entered into an agreement with others to commit any of the remaining torts that have survived the motions to dismiss of the other defendants. The plaintiffs' allegations against these defendants are wholly conclusory and insufficient to withstand the motions to dismiss. Accordingly, the motions to dismiss the claims for civil conspiracy against [them] are granted.

*Gym Door Repairs, Inc.*, 206 F. Supp. 3d at 914.

The Second Circuit has held that to plead a conspiracy, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Doe v. Fenchel*, 837 F. App'x 67, 68 (2d Cir. 2021), internal quotation marks omitted.

In paragraph 44 of the complaint, plaintiff alleges that "Terry Lundgren, CEO of Macy's, pressured Ecko executives to fire Plaintiff." Plaintiff does not allege what form this pressure took, or to what Ecko executives Mr. Lundgren applied pressure, or who actually fired plaintiff, or what reason if any plaintiff was given for his termination, or how he learned of the alleged real reason.

In paragraph 43, plaintiff alleges that he reported the assault to Macy's security, but no one followed up with him. He does not allege a duty or protocol to follow up with him, and he certainly does not allege that Macy's failed to follow up with him because of any sort of agreement with Mr. Combs or anyone else.

Plaintiff baldly pleads that he "is informed and believes" that Macy's "destroyed or otherwise purged" his initial report. Once again, he states no basis for that belief. These allegations, including the naming of the Macy's CEO without any supporting factual allegations,

seem quite similar to the "bare assertions" in *Ashcroft v. Iqbal*, that "Ashcroft was the 'principal architect' of this invidious policy, and that Mueller was 'instrumental' in adopting and executing it." 556 U.S. 662, 680–81 (2009), internal citations omitted.

As the Supreme Court held in *Iqbal*, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 556 U.S. at 686. "Pleadings that contain no more than conclusions . . . are not entitled to the assumption of truth." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013), internal quotation marks omitted.

In *Bigio v. Coca-Cola Co.*, the Second Circuit applied the *Twombly-Iqbal* standard to dismiss claims for aiding and abetting and for conspiracy, notwithstanding a real, underlying wrong done to plaintiffs by entities other than defendants. *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 177-78 (2d Cir. 2012). "No facts are pled, however, suggesting that Defendants' activities assisted or caused any trespass or conversion by CCE." *Id.* at 174. "The Amended Complaint alleges no facts suggesting the existence of an agreement between Coca–Cola and CCE to trespass on the Bigios' real property or to convert their chattels. Accordingly, Count Four fails to state a claim on a civil conspiracy theory." *Id.* at 176.

Accordingly, because plaintiff's allegations against Macy's are conclusory and he does not allege any facts giving rise to a plausible claim against Macy's, the Court should dismiss all claims against Macy's.

## CONCLUSION

For the reasons stated above, the complaint should be dismissed for failure to state a claim for which relief may be granted, pursuant to Rules 8(a) and 12(b)(6). If the Court does not dismiss the complaint in its entirety, then the Court should still dismiss all of the claims against Macy's, because the VGMVPL does not permit a claim against a corporation for a 2008 assault, and because the allegations against Macy's are mere "threadbare" conclusions and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678, internal brackets and quotation marks omitted.

Dated: New York, New York
January 17, 2025

Respectfully Submitted,

LESTER SCHWAB KATZ & DWYER, LLP

s/ Daniel Kotler

Daniel S. Kotler
Attorneys for Defendant
MACY'S INC.
100 Wall Street
New York, New York 10005
(212) 964-6611
dkotler@lskdnylaw.com

TO:

Anthony G. Buzbee, Esq.
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Case 1:24-cv-07774
(713) 223-5393
buzbee@txattorneys.com
Texas Bar No. 24001820
Attorneys for Plaintiff John Doe

Christopher J. Leavitt

Texas Bar No. 24053318
cleavitt@txattorneys.com

Ryan S. Pigg
Texas Bar No. 24088227
rpigg@txattorneys.com

David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com

Thomas Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com

Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com

AND

Andrew Van Arsdale, Esq.
AVA LAW GROUP
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
CA Bar No. 323370
(800) 777-4141
andrew.vanarsdale@avalaw.com

AND

Antigone Curis, Esq.
CURIS LAW, PLLC
52 Duane Street, 7th Floor
New York, New York 10007
(646) 335-7220
antigone@curislaw.com