255-2538 / 4920-0248-9623

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOHN DOE,

                                Plaintiff,              **24 CV 07774 (JPO)(BJM)**

                -against-

SEAN COMBS, DADDY'S HOUSE
RECORDINGS INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS ENTERPRISES
LLC, BAD BOY ENTERTAINMENT
HOLDINGS, INC., BAD BOY PRODUCTIONS
HOLDINGS, INC., BAD BOY BOOKS
HOLDINGS, INC., BAD BOY RECORDS LLC,
BAD BOY ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, ORGANIZATIONAL
DOES 1-10, and MACY'S INC.,

                            Defendants.
----------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MACY'S MOTION TO DISMISS

                            LESTER SCHWAB KATZ & DWYER, LLP
                            Attorneys for Defendant
                            MACY'S INC.
                            100 Wall Street
                            New York, New York 10005
                            (212) 964-6611
                            dkotler@lskdylaw.com

Daniel S. Kotler
Of Counsel

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................. 1

POINT I

    THE VGMVPL DOES NOT APPLY RETROACTIVELY
    AND DOES NOT PERMIT CLAIMS AGAINST
    CORPORATIONS FOR ASSAULTS PRIOR TO 2022 ....................................... 2

POINT II

    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT
    HE WAS A VICTIM OF GENDER MOTIVATED
    VIOLENCE ................................................................................................... 8

POINT III

    PLAINTIFF'S ALLEGATIONS AGAINST MACY'S ARE
    CONCLUSORY AND HE DOES NOT PLEAD FACTS
    GIVING RISE TO A PLAUSIBLE CLAIM AGAINST
    AGAINST MACY'S .................................................................................... 11

CONCLUSION ........................................................................................................ 13

# TABLE OF AUTHORITIES

Page

**Cases**

*Adams v. Jenkins*,
 2005 WL 6584554 (N.Y. S.Ct., N.Y. Cty. 2005) ........................................ 5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................ 9, 11

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 554 (2006) ...................................................................................... 9

*Bensky v. Indyke*,
 No. 24-CV-1204 (AS), 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) .................. 2, 4, 5

*Breest v. Haggis*,
 180 A.D.3d 83 (1st Dep't 2019) ................................................................ 8

*Cadiz-Jones v. Zambretti*,
 2002 WL 34697795 (N.Y. S.Ct., N.Y. Cty. 2002) ........................................ 3

*Doe v. Combs*,
 No. 23-CV-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) .................. 2, 4, 5

*Gottwald v. Sebert*,
 40 N.Y.3d 240, 220 N.E.3d 621 (N.Y. 2023) ................................................ 4

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*,
 797 F.3d 160, 190 (2d Cir. 2015) ................................................................ 1

*Louis v. Niederhoffer*,
 No. 23-CV-6470-LTS, 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) .................. 4, 5

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
 35 N.Y.3d 332, 154 N.E.3d 972 (N.Y. 2020) ................................................ 5

*Thompson v. Landers*,
 No. 17CV5857AMDRLM, 2018 WL 5045762 (E.D.N.Y. Oct. 17, 2018) .................. 10

*United States v. Morrison*,
 529 U.S. 598 (2000) ...................................................................................... 3

*Vucetovic v. Epsom Downs, Inc.*,
 10 N.Y.3d 517, 521 (2008) ............................................................................ 7, 8

*Ziff v. Lombardo*,
 952010/2023 NYSCEF doc. 112 (N.Y. S.Ct., N.Y. Cty. Nov. 26, 2024) ................................... 2

**Other Authorities**

FRCP 8(a) ...................................................................................................... 1, 9, 13

FRCP 12(b)(6) ................................................................................................ 1, 13

Federal Violence Against Women Act (VAWA), 34 U.S.C.A. § 12361,
formerly cited as 42 USCA § 13981 ......................................................................... 3

Judge Oetken Part Rules, Rule 3(D)(iii) .................................................................... 1

N.Y. Stat. § 301 .............................................................................................. 5, 7, 8

New York City Victims of Gender-Motivated Violence Protection Law
(VGMVPL), N.Y.C. Admin. Code § 10-1101 *et seq.* .......................................... *passim*

N.Y.C. Admin. Code § 10-1105 ............................................................................... 8

## PRELIMINARY STATEMENT

Defendant Macy's, Inc. submits this memorandum of law in further support of its motion for an order pursuant to Rules 8(a) and 12(b)(6) dismissing all claims against Macy's, Inc. in their entirety, with such other relief as is just, and in response to plaintiff's opposition thereto.

Plaintiff has not proposed any amendments to his complaint, has not pled any additional facts, and has not asserted any additional or alternative claims, to correct the defects identified in the motion to dismiss.  As this Court's Rules provide:

> Non-moving parties are on notice that declining to amend their pleadings to respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility.").

Judge Oetken Part Rules, Rule 3(D)(ii).

The Court should dismiss the claims against Macy's because the 2022 amendment to the VGMVPL does not apply retroactively, and plaintiff admits that the version of the VGMVPL in effect at the time of the alleged assault in May 2008 did not extend to corporations at all, or to individuals that did not themselves commit the gender motivated assault.  *See* Point I.

The Court should dismiss the complaint in its entirety because plaintiff does not rebut Macy's showing that the allegations of the complaint not only fail to plausibly support a claim that plaintiff was a victim of gender-motivated violence, but affirmatively contradict such a claim.  *See* Point II.

The Court should dismiss all claims against Macy's because plaintiff does not rebut Macy's showing that his allegations against Macy's are conclusory and that he does not allege any facts giving rise to a plausible claim against Macy's.  *See* Point III.

**POINT I**

**THE VGMVPL DOES NOT APPLY RETROACTIVELY
AND DOES NOT PERMIT CLAIMS AGAINST
CORPORATIONS FOR ASSAULTS PRIOR TO 2022**

The Court should dismiss the claims against Macy's because the 2022 amendment to the VGMVPL does not apply retroactively, and plaintiff admits that the version of the VGMVPL in effect at the time of the alleged assault in May 2008 did not extend to corporations at all, or to individuals that did not themselves commit the gender motivated assault.

Plaintiff admits that the version of the VGMVPL in effect at the time of the 2008 assault permits claims only against the individual assailant (Mem. in Opp. at 6). Not until 2022 was the VGMVPL amended to permit claims against corporations and against individuals other than the assailant (*id.*; Mem. in Supp. at 6).

Macy's cited a pair of recent Southern District of New York cases holding that the VGMVPL amendment did not apply retroactively, and on that basis dismissing claims against corporate defendants and defendants other than individual assailant (Mem. in Supp. at 6). *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *3 (S.D.N.Y. Dec. 5, 2024); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024).

Plaintiff does not distinguish these cases, but cites a New York State Supreme Court case he incorrectly claims contradicts them (Mem. in Opp. at 7, *citing Ziff v. Lombardo*, 952010/2023 NYSCEF doc. 112 (N.Y. S.Ct., N.Y. Cty. Nov. 26, 2024) (Judy Kim, JSC)[1]). *Ziff* does not say what plaintiff says it does, not even "implicitly" (Mem. in Opp. at 7). *Ziff* does not contain the word "retroactive" and does not construe or apply the VGMVPL against any corporate defendants. Instead, plaintiff in *Ziff* asserted a VGMVPL claim against the *individual* defendant, the actual assailant Mr. Lombordo, and *negligent supervision* claims against the corporate

---

[1] A copy is annexed to this memorandum.

defendants (and against Harvey Weinstein individually, who in this case was not himself the assailant).  Plaintiff in this case has not asserted any claims other than VGMVPL.

*Cadiz-Jones v. Zambretti*, 2002 WL 34697795 (N.Y. S.Ct., N.Y. Cty. 2002) (*cited* in Mem. in Opp. at 8-9), addressed an extremely specific procedural circumstances that has no application to this case.  Plaintiff in *Cadiz-Jones* originally brought her claim under the Federal Violence Against Women Act (VAWA), 34 U.S.C.A. § 12361, formerly cited as 42 USCA § 13981.  While her claim was pending, the United States Supreme Court held that the private right of action under the VAWA was unconstitutional as exceeding the powers of the Federal Government.  *Cadiz-Jones*, 2002 WL 34697795 at 1, 3, *citing United States v. Morrison*, 529 U.S. 598 (2000).  *Cadiz-Jones* cited legislative history of the VGMVPL to find that the City Counsel rapidly enacted the VGMVPL in 2002 "to fill the gap left by the Supreme Court" *Cadiz-Jones*, 2002 WL 34697795 at 3.  Upon enactment of the NYC VGMVPL, plaintiff asserted that claim in State Court.

Under those extremely specific circumstances, in light of the legislative intent to "fill the gap left by" the stricken VAWA, the New York State motion court held that the VGMVPL could apply retroactively to cover claims *already pending under the VAWA when it was stricken*.  The court expressly distinguished any other circumstances: "As there are different degrees of retroactivity, the extent to which the law should be applied to claims that were not pending when the VAWA was struck down is another matter."  *Cadiz-Jones*, 2002 WL 34697795 at 3.

The VAWA, like the original version of the VGMVPL in effect at the time of plaintiff's 2008 assault, provided only for a claim against an individual assailant: "A person … who commits a crime of violence motivated by gender … shall be liable to the party injured."  34 U.S.C.A. § 12361.  As a result, the "retroactive" application of the VGMVPL in *Cadiz-Jones* did

not create or increase any new right or liability that did not exist at the time of the assault, it merely permitted plaintiff to assert her claim under the replacement local statute instead of the original Federal statute.  In contrast, the 2022 amendment to the VGMVPL did not merely restore a prior right that was briefly stricken on technical grounds, it created a new and significantly expanded scope of liability, 14 years after the assault at issue.

This Court has also already rejected Plaintiff's argument that the creation of a statute of limitations "look back" in the 2022 amendment implies the retroactive application of the 2022 amendment's creation of claims against corporations, and against individuals other than the assailant.  *Louis v. Niederhoffer*, No. 23-CV-6470-LTS, 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023).

Plaintiff is correct that the retroactive application of the VGMVPL has not yet been addressed by an appellate court (Mem. in Opp. at 7).  However, unless and until the Second Circuit or New York Appellate Division contradicts *Doe*, 2024 WL 4987044 and *Bensky*, 2024 WL 3676819, this Court should apply its own precedent and continue to hold that the 2022 amendment to the VGMVPL does not apply retroactively.

Even if this Court takes up the merits of the issue afresh, it should reach the same conclusion on the merits.  In a case holding that the original version of the VGMVPL did not apply retroactively to assaults in 1979, notwithstanding the reopening of the statute of limitations in 2022, this Court summarized New York's strong policy against retroactive application of statutes:

> As the New York Court of Appeals has made clear, "[r]etroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Gottwald v. Sebert*, 40 N.Y.3d 240, 258, 220 N.E.3d 621 (N.Y. 2023) (citation omitted). This "deeply rooted presumption against retroactivity" is "based on elementary

4

considerations of fairness." *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370, 154 N.E.3d 972 (N.Y. 2020) (citations and internal punctuation omitted).

*Louis*, 2023 WL 8777015, at *1. This Court in *Louis* also cited the New York State Court decision *Adams v. Jenkins*, 2005 WL 6584554 (N.Y. S.Ct., N.Y. Cty. 2005), which also held the VGMVPL did not apply retroactively.

Plaintiff's argument that "the [City] Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies" is irrelevant (Mem. in Opp. at 8). Applying the VGMVPL prospectively as is ordinarily done with statutes, rather than retrospectively, does not eliminate claims that previously existed or cause the VGMVPL to somehow make it harder for victims to seek court remedies. The VGMVPL made it easier for victims to bring claims by creating specific claims and remedies in specific circumstances, which should be strictly construed. N.Y. Stat. § 301. Neither the plain text nor the legislative history of the statute suggests the VGMVPL or its 2022 amendment was either unlimited or retroactive. Plaintiff, having chosen to rely on the VGMVPL, is limited by the language of the statute.

Having admitted that the version of the VGMVPL in effect when he was assaulted does not provide a claim against corporations or non-assailants, and having failed to distinguish or rebut the established law that the 2022 amendment to the VGMVPL does not apply retroactively, plaintiff asks this Court to nonetheless read a conspiracy claim against corporate defendants into VGMVPL (Mem. in Opp. at 9). Plaintiff's argument fails for many reasons.

Plaintiff's argument would contradict this Court's holdings in *Doe*, 2024 WL 4987044 at *3, and *Bensky*, 2024 WL 3676819 at *1, both of which rejected claims against corporate and non-assailant individuals far more closely involved in supporting and enabling the assault than plaintiff even alleges Macy's was. In *Doe*, this Court dismissed claims against corporations

5

controlled by the assailant Mr. Combs.  In *Bensky*, this Court dismissed claims against individuals that plaintiff alleged were "moneymen" supporting assailant Jeffrey Epstein's predations.  In this case, plaintiff alleges at most that Macy's conducted business with a clothing company operated by Mr. Combs, and that Macy's did not follow up with him after he reported the assault to Macy's security.  In completely conclusory fashion, plaintiff alleges that Macy's pressured plaintiff's employer to fire him after the assault, but plaintiff does not allege a single fact that supports a plausible claim that Macy's engaged in such pressure.  Nor does he allege at all that Macy's ever entered in any agreement with Mr. Combs to cover up his assault – he simply asks the Court to "infer" such an agreement (Mem. in Opp. at 12).  Plaintiff does not allege that Macy's or any Macy's employee participated in, witnessed, or had foreknowledge of the attack.  The only allegations in the complaint against Macy's are that Macy's conspired after the fact to cover up Mr. Combs' actions, destroy evidence, and pressured Ecko to fire plaintiff (Complaint ¶¶ 43-45).

Plaintiff's argument is also contradicted by the fact of the 2022 amendment itself.  If the unamended VGMVPL could already support conspiracy claims against corporations, then there would have been no need to amend the statute, and the 2022 statute would be meaningless.

The cases that plaintiff cites on page nine of his memorandum in opposition address conspiracy to commit common-law torts – tortious interference with a contract and slander. They do not support using a conspiracy theory to apply against a corporation a statute the plain language of which only applies to individuals who actually commit the assault.

Plaintiff has not alleged any claim other the VGMVPL.  He certainly does not assert or claim to have any common-law claim against Macy's.  Statutes in derogation of the common-law, including statutes creating a new liability or increasing an existing liability, should be

strictly construed. NY Stat. § 301; *Vucetovic v. Epsom Downs, Inc.*, 10 N.Y.3d 517, 521 (2008)("legislative enactments in derogation of common law, and especially those creating liability where none previously existed, must be strictly construed," internal quotation marks omitted). Certainly the extraordinary provisions of the VGMVPL such as but not limited to punitive damages and attorneys' fees, have no application to Macy's under the VGMVPL and are not ordinarily available under the common-law.

Accordingly, because the 2022 amendment to the VGMVPL does not apply retroactively, the Court should dismiss the claims against Macy's.

## POINT II

## PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT HE
## WAS A VICTIM OF GENDER MOTIVATED VIOLENCE

The Court should dismiss the complaint in its entirety because the allegations of the complaint not only fail to plausibly support a claim that plaintiff was a victim of gender-motivated violence, but affirmatively contradict such a claim (Mem. in Supp. at 8-10).

Plaintiff relies on the holding in *Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019), that sexual assault inherently implies gender animus (Mem. in Opp. at 10).  Although *Breest* expressed its holding in unqualified language, it only addressed heterosexual rape, which by definition involves a difference of genders.  Application of that holding to same-gender assault would be purely dicta, and presents fundamentally different issues.  That is particularly the case here, where plaintiff's own allegations establish not only that this was a same-sex assault, but that Mr. Combs sexually assaulted both men and women, without regard to gender.

In enacting the VGMVPL, the City Council specifically chose to limit the new cause of action to claims motivated by gender-animus – the Council could easily have included language applying the VGMVPL to all sexual assaults regardless of motive, but the Council did not do so, and plaintiff has not asserted a claim under any other statute or common-law tort.  To the contrary, the VGMVPL expressly provides that "nothing in this chapter entitles a person to a cause of action for random acts of violence unrelated to gender or for acts that cannot be demonstrated, by preponderance of the evidence, to be a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1105.

Statutes creating new claims should be strictly construed.  NY Stat. § 301; *Vucetovic, Inc.*, 10 N.Y.3d at 521.

8

Other than saying in passing that it does not matter (Mem. in Opp. at 3), plaintiff does not address the fact that his own allegations establish that Mr. Combs was an equal opportunity sexual predator (Mem. in Supp. at 8).

Plaintiffs' own allegations show that Mr. Combs was motivated by racial animus and a desire to intimidate business competitors rather than gender animus (Mem. in Supp. at 8-9). Plaintiff argues that Mr. Combs might have been motivated by multiple forms of animus (Mem. in Opp. at 10), but that theory does not work given the absence of any indicia or factual allegations plausibly supporting that the assault on plaintiff was motivated even in part by gender animus. This is not a situation where there is no other apparent motivation for the assault. Given the clear evidence that Mr. Combs was motivated by racial hostility and a desire to intimidate business competition (Mem. in Supp. at 8-9), there is no reason to assume or infer an additional motivation of gender animus.

Plaintiff repeats his purely conclusory allegation that "Combs assaulted males in order to show dominance" (Mem. in Opp. at 3, 10), but the Complaint does not allege facts to plausibly support the conclusion that his assaults on men were different in character or motivation from his assaults on women, let alone that his assault on plaintiff was motivated by a specific hatred or animus towards men (Mem. in Supp. at 10). Fed. R. Civ. Pro. Rule 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2006).

Plaintiff argues that Combs' comment "You like that, white boy?", because it includes the word "boy," is a gender based comment rather than merely a racial comment (Mem. in Opp. at 10). Especially in light of the racial context of the phrase as a whole, the use of the "boy" here functions primarily as a term of status and belittlement (boy versus man) rather than as a

gendered comment (boy versus girl) – it is in effect an inversion of the classically racist use of the term "boy" to degrade or belittle African Americans.

The application of the VGMVPL to same-sex sexual assaults appears to be a matter of first impression. Hostile workplace claims can provide some guidance even if the improper behavior is admittedly much less severe than sexual assault. For example, the Eastern District has held that same-sex sexual insults did not reflect gender animus where they arose out of a union dispute, akin to the business competition that prompted Mr. Combs' assault of plaintiff in this case:

> The plaintiff does not allege that Rivera used the terms 'sex offender' and 'Tranny' because of the plaintiff's gender. Instead, Rivera leveled these insults to embarrass and insult the plaintiff— apparently because of their disagreement about the Union

*Thompson v. Landers*, No. 17CV5857AMDRLM, 2018 WL 5045762, at *3 (E.D.N.Y. Oct. 17, 2018).

Accordingly, the Court should dismiss the complaint for failure to state a claim because plaintiff's allegations not only fail to plausibly allege a claim for gender motivated violence, but contradict such a claim.

## POINT III

### PLAINTIFF'S ALLEGATIONS AGAINST MACY'S ARE CONCLUSORY AND HE DOES NOT PLEAD FACTS GIVING RISE TO A PLAUSIBLE CLAIM AGAINST AGAINST MACY'S

Plaintiff does not rebut Macy's showing that his allegations against Macy's are conclusory and that he does not allege any facts giving rise to a plausible claim against Macy's (Mem. in Supp. at 11-13).

Plaintiff cites no authority other than one case stating the general elements of civil conspiracy, and the text of the 2022 amendment VGMVPL. He does not attempt to distinguish the multiple cases cited by Macy's requiring sufficient facts to plausibly state a claim, and that the courts should not credit conclusory allegations (Mem. in Supp. at 11-13). Nor does plaintiff address the similarity of his conclusory claims, including the bald assertion of wrong-doing by Macy's CEO without any supporting allegations, to the "bare assertions" that the Supreme Court rejected in *Ashcroft v. Iqbal* (Mem. in Supp. at 13).

Plaintiff alleges that Macy's pressured plaintiff's employer to fire him after the assault, but plaintiff does not allege any fact that supports a plausible claim that Macy's engaged in such pressure. Nor does he allege at all that Macy's ever entered in any agreement with Mr. Combs to cover up his assault – he simply asks the Court to "infer" such an agreement (Mem. in Opp. at 12).

Plaintiff's memorandum alleges that "Macy's actively placed, maintained, and/or employed Combs in a position of power and authority, despite the fact that Macy's knew or should have know[n] that Combs had a" history of sexual violence (Mem. in Opp. at 12). Plaintiff ignores Macy's showing that none of the prior incidents plaintiff alleges would or

should have given notice to Macy's, because they involve music and night-club related incidents, nothing related to the clothing or retail industries in which Macy's is involved (Mem. in Supp. at 4). Nor does plaintiff's complaint contain allegations plausibly supporting the claim in his memorandum of law that Macy's employed or placed Mr. Combs in a position of authority. The complaint does not allege that Mr. Combs was employed or controlled by Macy's or that he in any way acted as an agent for Macy's. To the contrary, the complaint alleges that Mr. Combs was the principal or employee of a clothing company with which Macy's did business, and that plaintiff was the employee of a separate clothing company with which Macy's also did business (Complaint ¶¶ 25, 35, 37).

Plaintiff has declined the opportunity presented by Macy's motion to dismiss to amend his complaint to plead more than naked conclusions.

Accordingly, because plaintiff's allegations against Macy's are conclusory and he does not allege any facts giving rise to a plausible claim against Macy's, the Court should dismiss all claims against Macy's.

**CONCLUSION**

For the reasons stated above, the complaint should be dismissed for failure to state a claim for which relief may be granted, pursuant to Rules 8(a) and 12(b)(6).  If the Court does not dismiss the complaint in its entirety, then the Court should still dismiss all of the claims against Macy's, because the VGMVPL does not permit a claim against a corporation for a 2008 assault, and because the allegations against Macy's are mere "threadbare" conclusions and "naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678, internal brackets and quotation marks omitted.

Dated:    New York, New York
          February 7, 2025

                              Respectfully Submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP

                              s/ Daniel Kotler

                              _____
                              Daniel S. Kotler
                              Attorneys for Defendant
                              MACY'S INC.
                              100 Wall Street
                              New York, New York  10005
                              (212) 964-6611
                              dkotler@lskdnylaw.com

**CERTIFICATE OF COMPLIANCE PURSUANT TO
LOCAL RULE § 7.1(C) OF THE UNITED STATES DISTRICT COURTS
FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK**

The Information below sets forth the specifications by which this memorandum in reply complies with Rule § 7.1(c) of this Court.

The word processing system (program) used is Microsoft Word,

which has determined that this affirmation contains 3,404 words.

The typeface (font) is Times New Roman.

The point size is 12.