# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. JUDY H. KIM | PART 04 |
| | *Justice* | |

-----------------------------------------------------------------------------X

SARA ZIFF,

                          Plaintiff,

                - v -

FABRIZIO LOMBARDO, HARVEY WEINSTEIN, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., BUENA VISTA INTERNATIONAL, INC., MIRAMAX FILM NY LLC, ABC CORP. 1-10,

                         Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 952010/2023 |
| MOTION DATE | 10/27/2023, 04/24/2024 |
| MOTION SEQ. NO. | 004 005 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 32, 33, 44, 55, 56, 81, 85, 86

were read on this motion to/for                         DISMISS            .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 36, 37, 38, 39, 40, 41, 44, 54, 57

were read on this motion to/for                         DISMISS            .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 63, 64, 65, 66, 78, 82, 83, 84, 87, 105

were read on this motion to/for                         DISMISS            .

Upon the foregoing papers, the motions to dismiss by Harvey Weinstein, The Walt Disney Company, Disney Enterprises, Inc., Buena Vista International, Inc., and Miramax Film NY LLLC (motion sequences 004, 005, and 007) are consolidated for disposition and, for the reasons set forth below, denied.

## FACTUAL BACKGROUND

Plaintiff's amended complaint alleges as follows: defendant Miramax Film NY LLC is a film distribution company owned by defendant the Walt Disney Company (NYSCEF Doc. No. 27

952010/2023   ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL               Page 1 of 8
Motion No.   004 005 007

1 of 8

[Am. Compl. at ¶28]). Defendant Harvey Weinstein was Miramax's Co-Chairman and CEO during the period at issue (Id. at ¶5). Defendant Fabrizio Lombardo was a Miramax executive in charge of film development, production, and distribution in Italy and parts of Europe (Id. at ¶21).

Plaintiff, a model and aspiring actor, met Lombardo in the summer of 2001 (Id. at ¶66). Days after that meeting, Lombardo invited plaintiff to attend a private film screening at Miramax's offices and told her that Weinstein would be there (Id. at ¶73). Plaintiff attended the screening, where only Lombardo, Weinstein, and another young woman were present (Id. at ¶74). After the screening, Lombardo invited plaintiff to go to a nearby hotel with him, representing that Weinstein and the other young woman who attended the screening would be present along with another Miramax executive, Bob Weinstein (Id. at ¶76). However, when they arrived at the hotel, Lombardo "led her through the lobby to an elevator that went up to the penthouse" in which he was staying and raped her (Id. at ¶¶88-89).

Plaintiff asserts claims against Lombardo for sexual battery and pursuant to the New York City Gender Motivated Violence Protection Act. As pertinent here, plaintiff also asserts negligent supervision claims against Weinstein, Miramax Film NY, LLC, and The Walt Disney Company and its subsidiaries Disney Enterprises, Inc. and Buena Vista International, Inc. (collectively, the "Moving Defendants"). As it pertains to these negligent supervision claims, plaintiff alleges that "during the relevant period, Miramax, Walt Disney, Disney Enterprises, and Buena Vista paid Lombardo's compensation and benefits and jointly employed him," that "Lombardo's performed duties for each of these entities involving the development, production, and distribution of films in Italy" and that "Miramax, Walt Disney, Disney Enterprises, and Buena Vista each had the power to hire and fire Lombardo, set his pay, and control his work conditions" (Id. at ¶21). Plaintiff also alleges that all the defendants "did know or should have known, that Lombardo would inflict such

952010/2023   ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL
Motion No.  004 005 007

Page 2 of 8

2 of 8

harm on plaintiff" (Id. at ¶118). He further alleges, more specifically, that Weinstein was aware of Lombardo's propensity to sexually assault women because Lombardo had previously facilitated Weinstein's own sexual assault of women by arranging for women to be left alone with Weinstein under false pretenses. Plaintiff contends that since Weinstein was the CEO of Miramax and reported to senior executives at Disney, his knowledge of Lombardo's propensity for sexual assault is imputed to Miramax as well as the Walt Disney Company and its subsidiaries (Id. at ¶¶12, 101).

In motion sequence 004, The Walt Disney Company, Disney Enterprises, Inc. and Buena Vista International, Inc. (collectively, the "Disney Defendants") move, pursuant to CPLR 3211(a)(7) to dismiss plaintiff's negligent supervision claim as against them. In motion sequences 005 and 007, Miramax Film NY, LLC ("Miramax" and, with the Disney Defendants, the "Corporate Defendants") and Harvey Weinstein each move for the same relief, offering very similar arguments. Each of these defendants argue, broadly, that the complaint's assertion that all of the Corporate Defendants employed Lombardo fails to allege specific facts sufficient to establish such a relationship, while Disney adds that it is a parent company of Miramax and cannot be held liable on that basis absent grounds to pierce the corporate veil. The Moving Defendants also assert that the complaint fails to allege facts establishing that they had any knowledge of Lombardo's alleged propensity for sexual assault and, moreover, that since they do not own or control the hotel where the alleged assault took place, this assault was not committed on their premises or with their chattels, a requirement for a negligent supervision claim.

Miramax separately argues that the complaint's allegations that "the Disney Defendants exercised oversight and control over Miramax, Weinstein and Lombardo, including, but not limited to: paying Miramax's employees, including Lombardo; controlling Miramax's budget; approving (or vetoing) requests for increased film budgets for Miramax; auditing Miramax's

952010/2023   ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL
Motion No.  004 005 007

Page 3 of 8

3 of 8

books; and reviewing, approving and paying the business expenses of Miramax" (Id. at ¶22) precludes Miramax from being his employer. Finally, Miramax asserts that it could not have been Lombardo's employer because Miramax Film NY LLC did not exist during the events at issue here.

## DISCUSSION

On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must accept as true the facts alleged in the complaint, accord the pleading the benefit of every reasonable inference, and only determine whether the facts, as alleged, fit within any cognizable legal theory (See Leon v Martinez, 84 NY2d 83 [1994]). To state a claim of negligence, a plaintiff must allege: "(1) a duty owed by [plaintiff to] the defendant … (2) a breach thereof, and (3) injury proximately resulting therefrom" (Ferreira v City of Binghamton, 38 NY3d 298, 308 [2022] [internal citations and quotations omitted]). A negligent supervision claim further requires an employment relationship between the parties in which "(1) the employer had actual or constructive knowledge of the employee's propensity for the sort of behavior which caused the injured party's harm; (2) the employer knew or should have known that it had the ability to control the employee and of the necessity and opportunity for exercising such control; and (3) the employee engaged in tortious conduct on the employer's premises or using property or resources available to the employee only through their status as an employee, including intellectual property and confidential information" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 157 [2023] [internal citations omitted]).

Notably, "[c]auses of action alleging … negligent supervision are not statutorily required to be pleaded with specificity" (Feaster v Poly Prep Country Day School, 227 AD3d 668, 670 [2d

952010/2023   ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL
Motion No.  004 005 007

Page 4 of 8

4 of 8

Dept 2024] [internal citations omitted]; see also G.T. v R.C. Diocese of Brooklyn, New York, 211 AD3d 413 [1st Dept 2022]).

## Miramax and the Disney Defendants

Applying this standard, the Corporate Defendants' respective motions to dismiss must be denied. At this juncture, the Court must credit plaintiff's allegations that Lombardo was employed by each of these defendants (See Engelman v Rofe, 194 AD3d 26, 33-34 [1st Dept 2021], mod on other grounds by Police Benevolent Assn. of City of New York, Inc. v City of New York, 40 NY3d 417 [2023]). To the extent that certain allegations in the complaint indicate that the Disney Defendants or Miramax (or both) were Lombardo's employer, any ambiguity at this juncture is properly resolved in favor of plaintiff and reserved as an issue for discovery rather than grounds for dismissal.

Miramax's separate arguments are also unavailing. The fact that it did not exist at the time of plaintiff's injuries is of no moment considering the Amended Complaint's allegation that, in 2010, Miramax Film NY, LLC "merged with and assumed all liabilities of Miramax Film Corp." (See e.g. U.S. Bank Nat'l Ass'n v. Bank of Am. N.A., 916 F.3d 143, 155 [2d Cir. 2019]). The cases upon which Miramax relies are inapposite. The only binding authority cited, Ward v Cross County Multiplex Cinemas, Inc, involved the dismissal of an action against a corporate entity that had been merged into another corporation prior to the events at issue (Ward v Cross County Multiplex Cinemas, Inc, 62 AD3d 466, 467 [1st Dept 2009]), the inverse of the present situation.

Plaintiff's allegation that the Corporate Defendants knew or should have known of Lombardo's alleged propensities is sufficient, even without further factual allegations, to satisfy this element, since information as to defendants' knowledge is necessarily in their "sole possession and control" at this juncture (G.T. v R.C. Diocese of Brooklyn, New York, 211 AD3d 413 [1st

952010/2023   ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL
Motion No.  004 005 007

Page 5 of 8

5 of 8

Dept 2022]; see also Martinez v State, 215 AD3d 815, 819 [2d Dept 2023] [the "manner in which the defendant acquired actual or constructive notice of the alleged abuse is an evidentiary fact, to be proved by the claimant at trial"]).

Finally, plaintiff has adequately alleged that Lombardo engaged in tortious conduct using resources available to him as an employee of defendants, i.e., the ability to offer career assistance, including access to Weinstein, to induce plaintiff to meet with him privately as a prelude to the sexual assault (Cf. Roe v Dom. and Foreign Missionary Socy. of the Prot. Episcopal Church, 198 AD3d 698, 701 [2d Dept 2021] ["plaintiff failed to allege any such nexus, since the sexual assault occurred far from the Church's premises, and there is no allegation in the complaint that the plaintiff had any prior contact with the alleged attacker, any prior relationship with any of the defendants, or even any knowledge, at the time of the sexual assault, that the alleged attacker was employed by the defendants"]). Defendants' contention that plaintiff must, in order to state a negligent supervision claim, allege that Lombardo committed the tort in question either "on the employer's premises or with the employer's chattels" is incorrect, as it is based upon a misreading of the Court of Appeals' decision in D'Amico v Christie, which merely rejected plaintiff's argument that this principle, as "formulated" in the Restatement (Second) of Torts §317, applied to the facts of that case (D'Amico v Christie, 71 NY2d 76, 88 [1987]). While certain Federal Courts have imposed such a requirement based upon D'Amico (See e.g., Ehrens v Lutheran Church, 385 F3d 232, 235 [2d Cir 2004]), this Court declines to do so in light of the Court of Appeals' clear enunciation of the elements of a negligent supervision claim in Moore (See Sokola v Weinstein, 78 Misc 3d 842, 853 [Sup Ct, NY County 2023]).

952010/2023  ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL
Motion No. 004 005 007

Page 6 of 8

6 of 8

### Harvey Weinstein

Weinstein's motion to dismiss the negligent supervision claim as against him is also denied. The complaint sufficiently alleges that he was Lombardo's supervisor and knew or should have known of Lombardo's propensity for sexual assault (See e.g. Doe v R.C. Archdiocese of New York, 2023 NY Slip Op 31619[U], 5 [Sup Ct, NY County 2023]). On this latter point, plaintiff has also alleged Weinstein's knowledge through allegations that Lombardo assisted Weinstein in Weinstein's own alleged predation. Prior conduct may provide notice of an employee's propensity to commit a tort, where that conduct is "similar to the . . . injury-causing act" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 159-60 [2023] [internal citations omitted]) and there is sufficient similarity between Lombardo's alleged facilitation of sexual assaults by Weinstein and his own alleged sexual assault of plaintiff (See Gupta v YM Pro Corp., 197 NYS3d 189, 190 [1st Dept 2023] [knowledge that employee had "aggressive attitude" was "extremely argumentative" and hostile sufficient to put employer on notice of employee's propensity to commit assault]; Waterbury v New York City Ballet, Inc., 205 AD3d 154, 160–161 [1st Dept 2022] [knowledge that employee "aggressively pursued young women and denigrated them in text messages" sufficient to put employer on notice that employee would share intimate images of women without consent]). The Moving Defendants' argument that to the extent Weinstein had knowledge of Lombardo's alleged conduct, such knowledge was necessarily obtained beyond the scope of his agency and, therefore, cannot be imputed to the Corporate Defendants need not (and, indeed, cannot) be resolved at this juncture.

Finally, as discussed above, the complaint sufficiently alleges that Lombardo's tortious conduct used resources available to him as an employee of these defendants.

952010/2023  ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL
Motion No. 004 005 007

Page 7 of 8

7 of 8

Accordingly, it is

**ORDERED** that defendant Harvey Weinstein's motion to dismiss is denied; and it is further

**ORDERED** that the Walt Disney Company, Disney Enterprises, Inc., and Buena Vista International, Inc.'s motion to dismiss is denied; and it is further

**ORDERED** that Miramax Film NY LLC's motion to dismiss is denied; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of same with notice of entry on defendants, the Clerk of the Court, and the Clerk of the General Clerk's Office; and it is further

**ORDERED** that that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that all parties are to appear in Part 4 (80 Centre Street, room 308) for a preliminary conference on January 22, 2025 at 2:15 pm.

This constitutes the decision and order of the Court.

| 11/26/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** | |
| CHECK ONE: | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION | | |
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

952010/2023   ZIFF, SARA vs. LOMBARDO, FABRIZIO ET AL                    Page 8 of 8
Motion No.  004 005 007

8 of 8