UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

John Doe,

        *Plaintiff*,                                     No. 1:24-cv-07774

      v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC,
ORGANIZATIONAL DOES 1-10, and MACY'S INC.

        *Defendants*.

-------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION**
**DEFENDANT MACY'S MOTION TO DISMISS**

                                   **CURIS LAW, PLLC**
                                   Antigone Curis
                                   52 Duane Street, 7th Floor
                                   New York, New York 10007

Plaintiff John Doe ("Plaintiff"), by and through his undersigned counsel Curis Law, hereby files this Memorandum of Law in Opposition to Defendant Macy's Inc.'s ("Defendant" or "Macy's") motion to dismiss Plaintiff's Complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, Macy's Motion should be denied.

## PRELIMINARY STATEMENT

This action seeks relief for a brutal sexual assault carried out by defendant Sean Combs ("Combs") in 2008 in a Macy's stockroom in New York City. The allegations contained in the Complaint, when taken as true and drawing reasonable inferences therefrom, indicate that Macy's conspired with and enabled Combs to commit a crime of violence motivated by gender.

At the time of the assault, Plaintiff was an advisor for Ecko, a popular hip-hop clothing brand and rival to Combs' clothing brand, Sean John. In or around May 2008, while working for Ecko on location at Macy's flagship store in Herald Square, Plaintiff encountered Combs and multiple bodyguards in Macy's stockroom. One of the men hit Plaintiff around the base of his neck and forced him to his hands and knees. Surrounded by armed bodyguards, Combs stepped forward and orally raped Plaintiff while making demeaning comments directed at Plaintiff. After finishing this shocking and depraved assault, Combs and his bodyguards calmly gathered up Sean John apparel and went back on to the Macy's retail floor as if nothing had happened.

Plaintiff immediately reported the sexual assault to Macy's security – but Macy's ignored that report and took no action against Combs. Rather, in unconscionably cruel fashion, Macy's CEO Terry Lundgren successfully lobbied Ecko to terminate Plaintiff's employment. Why? Because Macy's had just signed a multi-million-dollar deal with Sean John and Macy's *had to*

*protect Combs and the value of its deal.* Plaintiff's report of the assault also appears to have been destroyed or otherwise purged from Macy's records, to complete the whitewashing of Combs' criminal acts against Plaintiff on Macy's property.

It is reasonable to infer from Macy's actions that Macy's was well aware of Combs' violent, sadistic predilections before the time of the assault – and it certainly was immediately after. And by acting to cover up Combs' sexual assault, Macy's effectively adopted a violation of the Victims of Gender-Motivated Violence Protection Law ("VGMVPL") as a commercial strategy. These facts demonstrate the likelihood that Macy's will be found liable for "enabl[ing]…participat[ing] in, or conspir[ing] in the commission of a crime of violence motivated by gender." *See* N.Y.C. Admin Code § 10-1104.

Macy's sets forth three arguments in support of dismissal, all of which fail. *First*, Macy's argues the VGMVPL cannot apply retroactively against corporate defendants, because the original VGMVPL applied only to any "individual," even though the 2022 amendment to the VGMVPL expanded the scope to any "party." As set forth herein, the plain language of the 2022 amendment to the VGMVPL, the legislative intent of the statute, and case law supports retroactive application of the VGMVPL.

*Second*, Macy's argues Plaintiff's Complaint fails to plead sufficient facts to show Combs' acts were due, at least in part, to an animus based on the victim's gender. *See* N.Y.C. Admin Code § 10-1103. According to Macy's, "Plaintiff's own allegations establish that Sean Combs engaged in violence, including sexual violence against both men and women," and therefore "Plaintiff's own allegations thus establish that Mr. Combs preyed on victims regardless of gender." *See* Memorandum of Law of Daniel S. Kotler ("Kotler Memo"), p. 8. But the fact that Combs violently assaulted people of both genders does not somehow *exempt* him from the VGMVPL. Plaintiff

3

alleges that Combs assaulted males in order to show dominance, as happened here. Further, case law holds that sexual assault itself is *prima facie* evidence of gender animus. Macy's second ground therefore also fails.

*Third,* Macy's contends Plaintiff's allegations as to Macy's are conclusory, and that in order to be held liable, there must be allegations as to "some sort of prior involvement and set up," as between Combs and Macy's in relation to Plaintiff's sexual assault. *See* Kotler Memo, p. 11. Macy's is unsupported by the text of the VGMVPL, the scope of which is any "*party* who commits, *directs, enables, or participates in, or conspires* in the commission of a crime of violence motivated by gender." By pressuring Ecko to terminate Plaintiff and cover up Combs' assault, so as to secure profits from its multi-million-dollar deal with Combs' clothing line, Sean John, Macy's acted as Combs' accomplice and substantially assisted Combs in relation to Plaintiff's sexual assault. *See Scollo v. Nunez*, 60 A.D.3d 840 (2d Dept. 2009) (defendant's summary judgment denied). At minimum, Macy's behavior at the time of and immediately following the assault gives rise to reasonable inferences that Macy's knew of Combs' predilections, and certainly shows that Macy's was prepared to ignore violent sexual assaults in order to maintain Combs as a source of revenue for itself.

## **STANDARD OF REVIEW**

Under Rule 8, a complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to

support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## COUNTERSTATEMENT OF RELEVANT FACTS

On October 14, 2024, Plaintiff filed its Complaint ("Compl.") [Dkt. No. 1] against Sean Combs ("Combs") and various corporate defendants, including the moving defendant, Macy's. The claims set forth in the Complaint arise from Combs' sexual assault of Plaintiff in 2008, while in the stockroom of Macy's flagship store at Herald Square in Manhattan. Compl. ¶ 38-41. At the time of the assault, Plaintiff was working as an advisor for Ecko Clothing, a rival of Combs' clothing line, Sean John. Compl. ¶ 35-37. After entering the Macy's stockroom, Plaintiff was hit, forced to the ground, surrounded by Combs' armed bodyguards, and then sexually assaulted by Combs. Compl. at ¶¶ 35-40. Plaintiff alleges Combs orally raped Plaintiff and made derogatory comments like "[y]ou like that, white boy?" Compl. ¶ 41. After he was finished, Combs gathered Sean John merchandise from the stockroom and passed it out to a crowd outside, as if nothing had happened. Compl. ¶ 42.

Plaintiff immediately reported the sexual assault to Macy's, but his report was ignored. Compl. ¶ 43. Shortly thereafter, Macy's stopped letting Plaintiff into the store. *Id.* Macy's CEO, Terry Lundgren, later pressured Ecko to fire Plaintiff because Macy's had just signed a multi-million-dollar deal with Combs' clothing company, Sean John Clothing. Compl. ¶ 44. Ecko complied, and evicted Plaintiff from his company-paid apartment as well. Compl. ¶ 44. Plaintiff

5

is informed and believes that the report of the assault was destroyed or otherwise purged from Macy's records. *Compl.* ¶ 45.

## ARGUMENT

A. **Macy's Argument Regarding the Application of the VGMVPL Is Unsupported and Must be Denied**

The VGMVPL establishes a private right of action and a civil remedy for victims of gender violence, such as domestic violence and rape. Section 10-1102 of the VGMVPL declares the intent to fill the "void" left by the Supreme Court by providing a broad, private right of action and remedies to redress injuries resulting from gender-motivated violence. The predicate for invoking the act is the commission of a "crime of violence motivated by gender" as defined in Section 10-1103. The crime must have been committed because of gender and due, at least in part, to an animus based on the victim's gender. The Appellate Division, First Department has recently held that allegations of rape or sexual assault are in and of themselves "sufficient to allege animus on the basis of gender" under the VGMVPL. *See Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dept 2019). "Without consent, [sexual assault is] a violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy. Coerced sexual activity is dehumanizing and fear-inducing. Malice or ill will based on gender is apparent from the alleged commission of the act itself." *Id.*

Here, Macy's argues in part that Plaintiff's claims should be dismissed because the VGMVPL applies only to individuals, given that Section 10-1104 of the VGMVPL (entitled "Civil cause of action") states only that "any person claiming to be injured by an individual who commits a crime of violence motivated by gender has a cause of action against such individual." However, the current text of § 10-1104 provides that "any person claiming to be injured by a *party* who commits, *directs, enables, or participates in, or conspires* in the commission of a crime of violence

6

motivated by gender has a cause of action against such party." Therefore, the VGMVPL clearly provides for a cause of action against not just individual perpetrators, but also any entity that is alleged to have facilitated the gender-based crime.

Macy's also argues that the VGMVPL cannot apply retroactively against corporate defendants, and that Plaintiff's claims regarding sexual abuse occurring in 2008 should therefore be dismissed. In support of its argument, Defendant relies almost exclusively on *Doe v. Combs*, 23-cv-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024), wherein the Court held that 2022 amendment to the VGMVPL, which expanded the scope of liability to apply to any "party," cannot be applied retroactively against corporate defendants because the original VGMVPL applied only to any "individual." However, neither the Second Circuit nor the New York Court of Appeals has endorsed this reading of the VGMVPL. *Doe* is, at best, merely persuasive authority. Further, there is authority in other high-profile cases finding (at least implicitly) that retroactivity does apply to corporate defendants. *See Ziff v. Lombardo,* 2024 NY LEXIS 25377 (Sup. Ct. NY Cnty. Nov. 26, 2024) (in case involving VGMVPL claims against Harvey Weinstein and various corporate defendants, which arose from an alleged rape in 2001, the court denied the corporate defendants' motion to dismiss.)

As originally enacted, the VGMVPL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motived by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any

civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." The 2022 amendment created a two-year lookback window for survivors of gender-motivated violence to file lawsuits, regardless of when the assaults occurred. Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired.

Macy's argument is contrary to the VGMVPL's primary intention: to make it easier, not harder, for victims of gender-motivated violence to seek civil remedies in court. New York City passed the VGMVPL "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority to enact it. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones v. Zambretti*, 2002 N.Y. Slip Op. 30135, 4, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding VGMVPL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("there is no timeline on processing trauma," 131 ("a victim doesn't have a set time for when they can come

8

forward.... allow the window for justice to be pursued by all victims of gender-motivated violence." Based on "an analysis of statutory text and history" it is clear that "the legislative body intended [the VGMVPL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1.

Beyond the plain intent of the VGMVPL as a broad and retroactive statute, there is also the fact that Macy's itself is not the primary subject of a VGMVPL claim here. Plaintiff has alleged that Macy's, Combs and the Combs Defendants conspired to permit Combs to accomplish the sexual assault at issue here – in other words, to violate the VGMVPL. "A plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme." *Litras v. Litras,* 254 A.D.2d 395, 396, 681 N.Y.S.2d 545 [citation omitted]; *see also Alexander & Alexander of N.Y. v. Fritzen,* 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546.

Macy's, as a co-conspirator, cannot escape potential liability *even if* it is correct that it cannot be held primarily liable for a violation of the VGMVPL. One co-conspirator can conspire to commit a tort that another co-conspirator *itself* could not commit. New York law permits allegations of conspiracy when they "serve to enable a plaintiff to connect a defendant with the acts of his co-conspirators where without it he could not be implicated." *Cuker Ind. v. Crow Constr. Co.,* 6 A.D.2d 415, 417 (1ˢᵗ Dept. 1958) *i.e.*, when they "connect a defendant to an otherwise actionable tort." *Monsanto v. Electronic Data Systems Corp.*, 141 A.D.2d 514, 515 (2d Dept. 1988). Defendant Combs was himself subject to, and violated, the VGMVPL. Plaintiff has alleged that Macy's conspired, aided and abetted Combs in committing that violation. It therefore does not matter at all that Macy's itself might not have been subject to the VGMVPL at the time of the events alleged in the Complaint.

## B. Plaintiff Adequately Pleaded Gender Animus

Macy's argues Plaintiff's Complaint fails because Combs engaged in "violence…against both men and women," and concludes that Plaintiff's sexual assault by Combs could not possibly have been motivated by gender. *See* Kotler Memo p. 8. But Macy's cites no law that a sexual predator has to choose between genders, and Macy's cannot explain why Combs should be exempt from the VGMVPL simply because he has assaulted people of both genders. There is no reason why an offender cannot have gender animus against *both* genders.

Macy's also argues that Combs disparagingly referred to Plaintiff as "Ecko" and therefore the assault was business-related. This argument fails as well. During the assault Combs also asked Plaintiff, "You like that, white boy?" (*Compl.* ¶ 41) That statement, in context, indicates animus on the basis of both race and gender. But it isn't an either/or choice. Macy's cannot explain why only *one* animus is relevant. It is entirely possible that Combs' assault on Plaintiff was driven by *all of* gender, race and business animus.

Plaintiff pleads that Combs referenced his gender during the assault. Plaintiff also pleads that Combs often assaulted men to show domination over them (i.e., as men). But it does not matter whether Combs made any explicit references to Plaintiff's gender or any other source of animus. The Appellate Division, First Department has explicitly held that allegations of rape or sexual assault are *in and of themselves* "sufficient to allege animus on the basis of gender" under the VGMVPL. *See Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dept 2019). Macy's argues that *Breest* is inapplicable here because *Breest* involved a heterosexual assault as opposed to a same-sex assault here. But that is irrelevant, because the principle underlying *Breest's* decision was not gender differences but rather the "violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy. Coerced sexual activity is dehumanizing and fear-

inducing. Malice or ill will based on gender is apparent from the alleged commission of the act itself." *Id.* It is Combs' coercion of sexual activity – by violence, force, and a show of weapons – that sufficiently establishes gender animus regardless of the fact that he and Plaintiff are both male. Macy's argument on this ground fails.

**C. Plaintiff Adequately Pleaded that Macy's Enabled, Participated in, or Conspired in the Sexual Abuse within the Meaning of the VGMVPL**

Macy's argues that Plaintiff's Complaint should be dismissed because "[P]laintiff does not allege any facts giving rise to a plausible claim that Macy's enabled or conspired in Mr. Combs' assault." Kotler Memo, p. 11. Macy's bases its argument on *Doe v. Fenchel*, 837 F. App'x 67, 68 (2d Cir. 2021), wherein the Court held that to plead a conspiracy, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."

The VGMVPL provides that "any person claiming to be injured by a party who commits, directs, *enables*, participates in, or *conspires* in the commission of a crime of violence motived by gender has a cause of action against such party." *See* NYC Municipal Code Title 10, Chapter 11, §10-1104.

To plead a claim of conspiracy, "the plaintiff must demonstrate the primary tort, plus the following four elements:" (i) the parties' intentional participation in furtherance of a plan or purpose; (ii) an agreement between two or more parties; (iii) an overt act in furtherance of the agreement; and (iv) resulting damage or injury. *Cohen Bros.*, 181 A.D.3d 401, 404 (1st Dept. 2020). When given the benefit of every favorable inference, it is clear that the Complaint contains well-pleaded allegations satisfying the additional elements to state a claim for conspiracy to commit those underlying torts.

*First*, Plaintiff has alleged facts demonstrating that both Combs and Macy's possessed a common purpose, which was to enable Combs to commit the sexual assault without repercussion, and intentionally participating acts in furtherance of that purpose, satisfying the first element of the conspiracy cause of action. (*See* Compl. ¶ 44-45). *Second*, Plaintiff has alleged facts from which this Court can infer an agreement between Macy's and Combs to engage in this common scheme, satisfying the second element. For example, Plaintiff has alleged that he reported the sexual assault to Macy's, and that Macy's thereafter pressured Ecko executives to fire Plaintiff because Macy's had just signed a multi-million-dollar deal with Combs' clothing line, Sean John. (*See* Compl. ¶ 44). Moreover, Plaintiff alleged, upon information and belief, that Macy's destroyed or otherwise purged the report of Plaintiff's sexual assault. (*See* Compl. ¶ 45). Additionally, Plaintiff alleged that Macy's actively placed, maintained, and/or employed Combs in a position of power and authority, despite the fact that Macy's knew or should have known that Combs had a widespread practice of committing sexual assault and gender-motivated violence, including on premises owned and/or operated by Macy's. (*See* Compl. ¶ 53). *Third*, Plaintiff has alleged overt acts in furtherance of the aforementioned scheme, such as causing the termination of Plaintiff's employment, causing the Plaintiff to lose his company-paid apartment, and destroying records related to the assault. (*See* Compl. ¶¶ 44-45). *Fourth*, Plaintiff has alleged damages he has suffered as a result of the underlying tort. *(See* e.g. Compl. ¶ 41, 46).

Because Plaintiff has pleaded all of the elements necessary to state a claim for civil conspiracy to commit the underlying torts, this Court should deny Macy's motion to dismiss on this ground as well.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendant Macy's Inc.'s Motion to Dismiss in its entirety.

Dated: March 28, 2025

       Respectfully submitted,

**CURIS LAW, PLLC**
 /s/ *Antigone Curis*
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

*Attorneys for Plaintiff John Doe*