**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN DOE,                          :

                                :

          Plaintiff,          :

                                :

         v.              :    Case No. 24-CV-07774 (JPO)

                                :

SEAN COMBS, DADDY'S HOUSE     :    **ORAL ARGUMENT REQUESTED**
RECORDINGS INC., CE OPCO, LLC d/b/a  :
COMBS GLOBAL f/k/a COMBS ENTERPRISES :
LLC, BAD BOY ENTERTAINMENT HOLDINGS, :
INC., BAD BOY PRODUCTIONS HOLDINGS,  :
INC., BAD BOY BOOKS HOLDINGS, INC., BAD :
BOY RECORDS LLC, BAD BOY           :
ENTERTAINMENT LLC, BAD BOY        :
PRODUCTIONS LLC, ORGANIZATIONAL   :
DOES 1-10, and MACY'S INC.

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION TO DISMISS THE COMPLAINT AGAINST**
**THE COMBS DEFENDANTS**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs,*
*Daddy's House Recordings Inc., CE OpCo,*
*LLC (t/a Combs Global) f/k/a Combs*
*Enterprises, LLC, Bad Boy Entertainment*
*Holdings, Inc., Bad Boy Productions*
*Holdings, Inc., Bad Boy Books Holdings,*
*Inc., Bad Boy Entertainment LLC, and Bad*
*Boy Productions LLC*

i

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

    I.      PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW
           PREEMPTS THE GMVL'S REVIVAL PROVISION ......................................... 2

    II.     PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS
           ELEMENT OF A GMVL CLAIM .......................................................................... 3

    III.    THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS
           FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE
           ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT ...................... 4

    IV.    THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS
           FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT
           SUBJECTING THEM TO LIABILITY ................................................................ 7

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Jenkins*,
No. 115745/03, 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) ............................... 5

*Bensky v. Indyke*,
2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) ............................................................................ 5

*Cadiz-Jones v. Zambretti*,
2002 WL 34697795 (Sup. Ct. N.Y. Cnty. Apr. 9, 2002) ......................................................... 5

*Cespedes v. Weil*,
2021 WL 495752 (Sup. Ct. N.Y. Cnty. Feb. 10, 2021) ........................................................... 4

*Cohen Bros. Realty Corp. v. Mapes*,
181 A.D.3d 401 (1st Dep't 2020) ............................................................................................ 8

*Doe v. Black*,
2024 WL 4335453, (S.D.N.Y. Sept. 27, 2024) ........................................................................ 2

*Doe v. Combs*,
2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) ........................................................................ 5, 6

*Doe v. the Lee Strasberg Theatre & Film Institute*,
2023 WL 8895417 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023) ........................................................ 5

*Dolatabadi v. Finley*,
2023 WL 8895388 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) ........................................................ 3

*E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*,
118 F.4th 488 (2d Cir. 2024) ................................................................................................... 7

*Garcia v. Comprehensive Ctr., LLC*,
2018 WL 3918180 (S.D.N.Y. Aug. 16, 2018) ......................................................................... 4

*Gottwald v. Sebert*,
40 N.Y.3d 240 (2023) .............................................................................................................. 7

*Gross v. Weber*,
186 F.3d 1089 (8th Cir. 1999) ................................................................................................. 6

*JL v. The Rockefeller University*,
2023 WL 3757389 (Sup. Ct. N.Y. Cnty. May 25, 2023) ......................................................... 5

*Kovkov v. L. Firm of Dayrel Sewell, PLLC*,

182 A.D.3d 418 (1st Dep't 2020) .......................................................................... 8

*Landgraf v. USI Film Prods.*,
    511 U.S. 244 (1994) ............................................................................................ 7

*Louis v. Niederhoffer*,
    2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ................................................. 5, 7

*Morris v. New York State Dep't of Tax'n & Fin.*,
    82 N.Y.2d 135 (1993) ......................................................................................... 8

*Parker v. Alexander*,
    2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ................................................ 1, 2, 3

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
    35 N.Y.3d 332 (2020) ......................................................................................... 7

*United States v. Morrison*,
    529 U.S. 598 (2000) ........................................................................................ 5, 6

**Statutes**

42 U.S.C. § 13981(c) ................................................................................................. 6

N.Y.C. Admin. Code § 10-1104 ................................................................................ 7

**Rules**

CPLR §§ 214-g ........................................................................................................... 3

CPLR §§ 214-j ........................................................................................................... 3

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their motion to dismiss the Complaint.

## PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim under the GMVL fails as a matter of law. Plaintiff's efforts in his opposition brief (ECF #72, "Opposition" or "Opp.") to refute these arguments entirely fail.[2]

Plaintiff's GMVL claim fails because it is time-barred. The GMVL's two-year revival window—the sole basis on which Plaintiff's claim could be timely—is preempted by the ASA and CVA, as thoroughly and convincingly explained in *Parker v. Alexander,* 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).

Plaintiff's GMVL claim also independently fails because it does not allege the required element of gender animus. Plaintiff does not allege any facts supporting a plausible inference that Mr. Combs' alleged same-sex assault against him was somehow motivated by Mr. Combs' hatred for his own gender, nor can such animus be presumed under New York law.

Plaintiff's claims against the Company Defendants necessarily fail because the GMVL only applied to natural persons, not entities, until it was amended in 2022, and it cannot be applied retroactively to Plaintiff's alleged assault in 2008. The unanimous case law addressing this specific question, as well as the general legal presumption against retroactivity, both compel this conclusion.

Finally, Plaintiff's claims against the Company Defendants independently fail because no

---

[1]    Abbreviations defined in the initial moving brief (ECF #58, "MOL") are used again herein.

[2]    The Opposition was also not timely filed. The Court-ordered deadline was March 28, 2025. *See* ECF #68. On that date, Plaintiff re-filed an opposition to defendant Macy's motion to dismiss. *See* ECF #71  Plaintiff did not file an opposition to the Combs Defendant's motion until April 2, 2025. *See* ECF #72.

basis for liability against them has been pled.  Plaintiff's argument that they "conspired" in the sexual assault of a store employee is belied by the Complaint, which contains no facts supporting this far-fetched theory.

## ARGUMENT

## I.    PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW PREEMPTS THE GMVL'S REVIVAL PROVISION

Plaintiff's GMVL claim fails because its timeliness depends on the GMVL's revival window, which has been held to be preempted by state law.  *See* MOL § 1.

Plaintiff points to the decision by Judge Clarke in *Doe v. Black*, 2024 WL 4335453, (S.D.N.Y. Sept. 27, 2024) as his sole counterargument.  However, Judge Clarke's reasoning should not control here for the three reasons articulated by Judge Kaplan in *Parker v. Alexander,* 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).[3]

First, Judge Clarke's decisions did not consider the ASA, instead focusing solely on the CVA "in isolation."  *Parker*, 2025 WL 268436 at *4.  However, when viewed together, the ASA and CSA clearly "constitute a comprehensive and detailed scheme" governing civil claim revival for sexual offenses.  *Id*.

Second, Judge Clarke focused on the purported lack of complexity of the CVA, but the dispositive question is not whether the laws are complex, but whether they "occupy the entirety of their respective fields due to the breadth of their application."  *Id*.  Accordingly, it does not matter whether other legislative schemes involve a more complex regulatory apparatus.  *Id*.  It suffices that the CVA and ASA contain all "necessary details," which they do by "lay[ing] out precisely the claims to which they apply and the exact start and end dates for their respective revival

---

[3]    The Black and Parker decisions are currently pending appeal before the Second Circuit.  *See Parker v. Alexander*, No. 25-487 (2d Cir.); *Doe v. Black*, 25-564 (2d Cir.).

windows." *Id*.

Third, Judge Clarke "did not address the plain language of the CVA and ASA, both of which apply *'[n]otwithstanding any provision of law* which imposes a period of limitation to the contrary.'" *Id*. (citing CPLR §§ 214-g, 214-j) (emphasis added). This statutory language expresses the legislature's clear intent that the CVA and ASA exclusively govern the limitations period for claims falling within their purview.

## II.    PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM

Plaintiff incorrectly argues that the "gender animus" element of a GMVL claim is automatically satisfied because he has alleged a sexual assault. Opp. at 9 (citing *Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019)). However, *Breest's* holding that gender animus can be inferred when a male allegedly rapes a female has not been (and should not be) applied to same-sex assaults. While it may be reasonably inferable that a man who sexually assaults women harbors animus towards women, it does not follow that same sex assaults are necessarily based on self-loathing hatred of the assailant's own gender. Moreover, the Complaint directly undermines the idea that animus can be inferred from the alleged assault because it (falsely) alleges that Mr. Combs has indiscriminately victimized both genders. *See* Compl. ¶ 7. The legislative history of VAWA (the stricken federal statute that the GMVL was intended to replace) supports the conclusion that assaults focused on *one* gender are uniquely indicative of animus. *See* Sen. Rep. No. 103-138 at 60(1993) (stating that potential evidence of animus included "that the attacker had a long history of attacking persons of that sex, but not those of the opposite sex").

For this reason, Plaintiff must allege specific facts showing evidence of animus apart from the mere allegation of assault, and he has not done so. *See Dolatabadi v. Finley*, 2023 WL 8895388, at *2 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) (dismissing GMVL claim because pleading

alleged no "actual language or specific details that would support the claim that the assault was motivated by an animus towards the male gender"); *see also Garcia v. Comprehensive Ctr., LLC*, 2018 WL 3918180, at **1, 5 (S.D.N.Y. Aug. 16, 2018) (Oetken, J.) (holding that GMVL claim based on assault failed to allege gender animus despite defendant's alleged sexualized comments).[4]

Plaintiff argues that Mr. Combs might have been motivated by multiple forms of animus (Opp. at 8-9), but no facts are alleged supporting an inference that gender animus was even a partial motivation. All Plaintiff can point to is an alleged reference to him as a "white boy." Compl. ¶ 41. But, based on commonly understood slang usage, the word "boy" in this phrase functions as a term of status and belittlement (boy versus man) rather than as a gendered comment (boy versus girl). *See* https://www.dictionary.com/browse/boy (definitions of "boy" include: "*Disparaging and Offensive*: a term used to refer to or address a man considered by the speaker to be inferior in ethnicity, nationality, or occupational status."). Given the clear allegations that Mr. Combs was motivated by a desire to intimidate business competition (*see* MOL at 8), there is no basis to infer an additional motivation of gender animus.

## III.    THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT

The Court should dismiss the claims against the Company Defendants because the GMVL did not provide for claims against companies at the time of the alleged assault in 2008. All courts addressing the issue have unanimously found that the GMVL does not apply retroactively to company conduct pre-dating 2022, when the GMVL was first amended to expand liability beyond

---

[4]     Plaintiff inaccurately cites *Cespedes v. Weil*, 2021 WL 495752 (Sup. Ct. N.Y. Cnty. Feb. 10, 2021) for the proposition that the "GMVA does not require Plaintiffs to show animus directed at an entire gender group." Opp. at 8. *Cespedes* does not say this. To the contrary, that court found that the male defendant's use of terms "bitch" and "whore" and history of violence towards other women supported the requisite "inference that he harbored an animus against women in general." *Id*. at *6.

the individual perpetrator.  *See Doe v. Combs*, 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024);

*Bensky v. Indyke*, 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024); *Delgado v. Donald J. Trump*

*for President, Inc.*, No. 952333/2023, Dkt. # 129 at 4 (Sup. Ct. N.Y. Cnty. Jan. 31, 2025).  This is

consistent with related (and also unanimous) holdings that the GMVL as a whole cannot be

retroactively applied to claims predating its original enactment in 2000.[5]

Plaintiff relies in vain on a single trial court case, *Cadiz-Jones v. Zambretti*, 2002 WL

34697795 (Sup. Ct. N.Y. Cnty. Apr. 9, 2002), but this case did not find that the GMVL applies

retroactively.  *Cadiz-Jones* only found that a GMVL claim could be substituted for a timely claim

made under the federal Violence Against Women Act ("VAWA"), after the VAWA statute was

stricken by the Supreme Court and the GMVL was passed to "fill the gap" left by its obsolescence.

*See Cadiz-Jones*, 2002 WL 34697795 (citing *United States v. Morrison*, 529 U.S. 598 (2000)).

Thus, *Cadiz-Jones* skirted the issue of the GMVL's retroactivity, expressly exempting from its

narrow holding whether the GMVL "should be applied to claims that were not pending when the

VAWA was struck down."  *Cadiz-Jones*, 2002 WL 3469775, at *1; *see also Adams v. Jenkins*,

2005 WL 6584554, at *1 (Sup. Ct. N.Y. Cnty. 2005) (holding that *Cadiz-Jones* "is carefully

tailored to the circumstances presented [and] . . . consistent with [nonretroactivity], since in that

case application of [the GMVL] . . . did not result in increasing [defendant's] liability for past

conduct"); *Louis v. Niederhoffer*, 2023 WL 8777015, at *2 n.2 (S.D.N.Y. Dec. 19, 2023) (*Cadiz-*

*Jones* "is not instructive" on retroactivity for the reason articulated in *Adams*).

Because his position is contradicted by the GMVL's text and the case law interpreting it,

---

[5]     See *Louis v. Niederhoffer*, 2023 WL 8777015, at *1–2 (S.D.N.Y. Dec. 19, 2023) (holding that the GMVL could not be applied retroactively to conduct pre-dating its enactment); *Doe v. the Lee Strasberg Theatre & Film Institute*, 2023 WL 8895417, *2 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023) (similar); *JL v. The Rockefeller University*, 2023 WL 3757389, *6 (Sup. Ct. N.Y. Cnty. May 25, 2023) (similar); *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554, at *3 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) (same).

Plaintiff attempts to rely on legislative history, but this does not support his position either. As Judge Clarke correctly concluded after reviewing the GMVL's legislative history: "Plaintiff did not point to, and the Court has not found, any pronouncements in the legislative history [of the GMVL] regarding retroactive effect." *Combs*, 2024 WL 4987044 at *3-4 (rejecting retroactive application of GMVL). If anything, Plaintiff's citations to the legislative history further support this conclusion. The isolated snippets of testimony that Plaintiff cites neither discuss nor imply any intention for the statute to apply retroactively. *See* Opp. at 6-7. Thus, Judge Clarke correctly found that there are not "any pronouncements in the legislative history regarding retroactive effect," and Plaintiff has not refuted that conclusion. *Combs*, 2024 WL 4987044 at *4.

Plaintiff also refers to legislative history stating that the GMVL was passed as a substitute for the VAWA. But this does not support Plaintiff's argument. The VAWA, like the GMVL, did not apply retroactively. *See Gross v. Weber*, 186 F.3d 1089, 1091 (8th Cir. 1999). And the VAWA did not even allow a cause of action against entity defendants—it only created a cause of action against the individual perpetrator: "A person . . . who commits a crime of violence motivated by gender . . . shall be liable to the party injured . . ." *United States v. Morrison*, 529 U.S. 598, 605 (2000) (quoting 42 U.S.C. § 13981(c)). Thus, the GMVL's historical ties to the VAWA cannot be invoked to support broad retroactive liability against a class of defendants that the VAWA never even included.

Finally, in the absence of any supportive authority, Plaintiff argues that all of the other courts have gotten this issue wrong on policy grounds. Plaintiff argues that the GMVL's 2022 amendment was intended "to make it easier, not harder" for victims to seek remedies in Court, and therefore should be applied retroactively. This is a non-sequitur. The GMVL's 2022 amendment does make it "easier" for plaintiffs to sue by expanding prospective liability to companies, and it

further attempts to create a revival window.[6]  It does not follow that the normal rules prohibiting retroactivity should be suspended to allow claims that did not exist at the time of the alleged conduct.  *See Niederhoffer*, 2023 WL 8777015, at *1 ("The fact that the GMV Law was amended in 2022—to reopen the statute of limitations for GMV Law claims for a two-year period . . .  does not alter this conclusion [that the GMVL is not retroactive].").

Furthermore, the clearest policy consideration here cuts against retroactivity: the strong presumption that retroactivity is disfavored and should only be applied where clearly indicated by the legislature.  *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 265 (1994) ("the presumption against retroactive legislation is deeply rooted in our jurisprudence"); *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) ("statutes will not be given such [retroactive] construction unless the language expressly or by necessary implication requires it"); *E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*, 118 F.4th 488, 495 (2d Cir. 2024) (same); *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020) ("[i]t takes a clear expression of the legislative purpose . . . to justify a retroactive application").

## IV.    THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

The Complaint fails to allege liability against the Company Defendants, which can only be imposed on a party that "commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender."  N.Y.C. Admin. Code § 10-1104.

Plaintiff incorrectly argues that Defendant Bad Boy Entertainment is potentially subject to liability as an owner of non-party Sean John Clothing.  Opp. at 11.  This argument fails off the bat because the Complaint does not allege any relationship between Sean John Clothing and Bad Boy

---

[6]      The GMVL's revival window is preempted by state law.  *See* MOL § III; *infra* § I.  But even if it were not, it still does not purport to create claims pre-dating the GMVL's enactment.

Entertainment, or indeed any of the Company Defendants.  Moreover, even if the Complaint alleged any such ownership relationship (it does not), ownership alone would be insufficient to pierce the corporate veil absent specific allegations (entirely absent here): that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff."  *Morris v. New York State Dep't of Tax'n & Fin.*, 82 N.Y.2d 135, 141 (1993).

Plaintiff also argues that the Company Defendants "conspired" to commit the alleged sexual assault, but there are no factual allegations in the Complaint to support this.  Plaintiff cites the elements of civil conspiracy (Opp. at 11), but these only highlight the Complaint's failure to plead any conspiracy.  A conspiracy claim is only "permitted to connect the actions of separate defendants with ***an otherwise actionable tort***" and requires "an ***agreement*** between two or more parties; ***an overt act*** in furtherance of the agreement; [and] the parties ***intentional participation*** in the furtherance of a plan or purpose."  *Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020) (quotation omitted; emphases added).

No facts are alleged that support the existence of any agreement, overt act, or intentional participation by the Combs Defendants in connection with the alleged assault.  *See Kovkov v. L. Firm of Dayrel Sewell*, PLLC, 182 A.D.3d 418, 419 (1st Dep't 2020) ("Bare, conclusory allegations of conspiracy are insufficient.").  Plaintiff argues that the Court "can infer an agreement between Macy's, Sean John and Combs," but does not plead any facts supporting such an inference, nor does it identify ***any Company Defendant*** as a party to this imaginary "agreement." Plaintiff makes conclusory allegations that ***Macy's*** barred Plaintiff from its store, pressured Ecko to terminate him, and destroyed records (*see* Compl. ¶¶ 44-45), but he does not allege any involvement by the Company Defendants in these alleged actions, nor does Plaintiff allege

anything else that could be construed as an "overt act" or "participation" by the Company Defendants relating to the alleged sexual assault.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order dismissing the Complaint against them in its entirety with prejudice.

Dated: April 30, 2025
      New York, New York

                         Respectfully submitted,

                         SHER TREMONTE LLP

                         */s/ Mark Cuccaro*
                         Mark Cuccaro
                         Michael Tremonte
                         Erica Wolff
                         Raphael A. Friedman
                         90 Broad Street, 23rd Floor
                         New York, NY 10004
                         (212) 202-2600
                         mcuccaro@shertremonte.com
                         mtremonte@shertremonte.com
                         ewolff@shertremonte.com
                         rfriedman@shertremonte.com
                         *Attorneys for Combs Defendants*

9

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 2,735 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: April 30, 2025
       New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By:    */s/ Mark Cuccaro*